UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD D. EMRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:11CV1300 MLM |
| | ) |
| JOHN D. RUPP, SR. and | ) |
| JOHN D. RUPP, JR., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune

from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in

determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 51-52.

## The Complaint

Plaintiff, a resident of Fulton State Hospital, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights.  Named as the only defendants are two Missouri state prosecutors: John D. Rupp, Sr. and John D. Rupp, Jr.

Plaintiff claims that his ongoing criminal action, wherein he was charged with assault in the first degree and property damage in the first degree, should be dismissed because the "arrest warrant was not signed by a Judge."  Therefore, plaintiff believes he has been subjected to "false arrest" and asks this Court to invalidate the current state court proceedings, or "force John D. Rupp Sr. and John D. Rupp Jr. to drop case."[1]

Plaintiff also mentions that he is seeking damages for the "intentional fabrication of evidence," "unlawful stops," and "discriminatory harassment," but he does not indicate that the defendant prosecutors had anything to do with these alleged constitutional violations.  He mentions generally that these allegations relate to "state or local law enforcement officers," but none of these individuals have been named as defendants in the complaint.

---

[1] State of Missouri v. Richard D. Emry, No. 08D9-CR00261-01.

**Discussion**

In Younger v. Harris, 401 U.S. 37, 46 (1971), the Supreme Court directed federal courts to abstain from hearing cases where "the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges." Harmon v. City of Kansas City, Missouri, 197 F.3d 321, 325 (8th Cir. 1999); see also, Fuller v. Ulland, 76 F.3d 957, 959 (8th Cir. 1996).

Having carefully reviewed the case at bar, the Court concludes that the Younger criteria are satisfied and that abstention is warranted. Plaintiff states that there is an ongoing state criminal judicial proceeding currently pending against him; plaintiff's allegations implicate important state interests, particularly with regard to the constitutional validity of the arrest warrant; and an adequate opportunity exists in the state proceeding to raise these constitutional challenges. Finding no "extraordinary circumstances" that would justify interfering with pending state judicial proceedings, the Court will dismiss the instant action, without prejudice. See Younger, 401 U.S. at 43-44.[2]

---

[2]The Court notes that even if Younger's abstention principles did not apply, it is likely that plaintiff's claims for invalidity of the arrest warrant would be considered legally frivolous under 28 U.S.C. § 1915 because, where "the

After the conclusion of the trial court matters and any related appellate proceedings, should plaintiff wish to pursue his remedies pursuant to 42 U.S.C. § 1983, he may attempt do so.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for leave to proceed in forma pauperis [Doc. #3 and #7] are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 23rd day of September, 2011.

                                                   /s/ Rodney W. Sippel
                                                   RODNEY W. SIPPEL
                                                   UNITED STATES DISTRICT JUDGE

---

prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996). Moreover, plaintiff has not identified the defendants who were allegedly involved in the other purported constitutional violations about which he complains. Thus, these allegations are also subject to dismissal. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).